**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
UNITED STATES OF AMERICA,               :   CIVIL ACTION NO. 06-1004 (MLC)
                                        :
     Petitioner,                        :   MEMORANDUM OPINION
                                        :
     v.                                 :
                                        :
STEVEN TRENK,                           :
                                        :
     Respondent.                        :
_____:
```

**COOPER, District Judge**

Respondent, Steven Trenk ("Trenk"), moves pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), inter alia, (1) for partial reconsideration of this Court's order dated November 20, 2006 ("11-20-06 Order"), (2) to vacate, in part, the 11-20-06 Order to the extent that it granted the request of petitioner, the United States of America ("United States"), to enforce a summons issued under 26 U.S.C. § ("Section") 7604, and directed Trenk to comply with the summons, and (3) to delay the United States's petition to enforce the summons.  (Dkt. entry no. 30.) For the reasons stated herein, the Court will grant the motion and vacate, in part, the 11-20-06 Order.

                              BACKGROUND

Trenk was an officer of TechTron Holding, Inc. ("TTH") and TechTron, Inc.  (Dkt. entry no. 1, Pet. to Enforce Summons, at ¶¶ 6 & 8.)  TTH merged into TechTron, Inc. on January 5, 2001.  (Id. at ¶ 7.)  Thereafter, TechTron, Inc. merged into Gold Crown Insurance Ltd. ("GCI"), which is organized under the laws of the

British Virgin Islands. (Id.) Trenk is currently the president of GCI. (Id. at ¶¶ 7-8.)

The Internal Revenue Service ("IRS") is examining TTH's tax liability for the tax year ending December 31, 2000. (Id. at ¶¶ 5-6.) "The purpose of the [IRS's] examination is to determine [TTH's] correct federal income tax liability with respect to the taxable year ending December 31, 2000." (Id. at ¶ 9.) The IRS is investigating whether TTH engaged in an abusive tax avoidance scheme in connection with its receipt of a $5,200,000 settlement award. (Id. at ¶ 11.) Specifically, TTH allegedly (1) transferred this settlement award to a wholly-owned subsidiary in exchange for a promissory note for the same amount, (2) transferred the note to an attorney trust account, and (3) reported the $5,200,000 settlement award on its tax return but also deducted $5,200,000 due to the note, and thus, eliminated its taxable income with respect to the award. (Id.) IRS agent Richard Schloemer is assigned to the TTH investigation. (Id. at ¶ 5.)

The IRS, on August 26, 2005, issued a summons to Trenk, as GCI's president, in connection with the TTH investigation pursuant to Section 7602. (Id. at ¶ 12.) The summons directed Trenk to appear on September 10, 2005, to "giv[e] testimony and produc[e] for examination books, papers, records, or other data described in the summons." (Id.) Trenk's appearance date was changed to October 10, 2005 because September 10, 2005 was a

Saturday.  (Id. at ¶ 14.)  The summons lists fifty-two categories of documents and explains that such documents "generally pertain to the transactions that have generated a deduction in the tax year 2000 in the amount of $5,200,000 related to a purported contested liability under [Internal Revenue Code] § 461(f)."  (Id. at ¶ 15 (alterations in original).)  The IRS asserts that it does not possess the requested documents, with the exception of certain documents set forth on an exhibit.  (Id. at ¶ 17.)

The IRS contends that Trenk has refused to comply with the summons.  (Id. at ¶ 16.)  Thus, the United States petitioned this Court, inter alia, (1) to direct Trenk to show cause why he should not comply with the summons, and (2) to require Trenk to appear and testify before the IRS and to produce books, papers, records and other documents in compliance with the summons.  (Id. at ¶¶ A & C.)  The Court ordered Trenk to show cause why the summons should not be enforced. (Dkt. entry nos. 2 & 4.)  Trenk set forth various defenses in opposition to enforcement of the summons, and asserted counterclaims against the United States.  (Dkt. entry no. 6., Ans.; see dkt. entry no. 9., Trenk Br. in Opp. to Pet.)  Trenk's counterclaims sought production of documents pursuant to the Freedom of Information Act ("FOIA"), the Privacy Act, and various provisions of the Internal Revenue Code.  (See Ans.)

The United States moved to dismiss the counterclaims for lack of jurisdiction.  (Dkt. entry no. 12.)  Trenk opposed that motion,

3

and cross-moved (1) to add the IRS as a party, and (2) for summary judgment in his favor as to the counterclaims. (Dkt. entry no. 17.) The Court heard oral argument on August 17, 2006. (Dkt. entry no. 26.) Thereafter, the Court (1) granted the petition, (2) granted the United States's motion to dismiss Trenk's counterclaims, (3) denied Trenk's cross motion to the extent that it sought to add the IRS as a party, (4) denied Trenk's cross motion as moot to the extent that it sought summary judgment in his favor on his counterclaims, (5) directed Trenk to comply with the summons with the exception of four allegedly privileged documents, and (6) directed Trenk to set up in camera review of the four allegedly privileged documents. (Dkt. entry no. 29, 11-20-06 Ord.) Trenk now moves for partial reconsideration of the 11-20-06 Order. (Dkt. entry no. 30.)

**DISCUSSION**

**I.   Legal Standards**

   **A.   Motion for Reconsideration Standard**

Rule 59(e) permits parties to move to alter or amend a judgment within ten days of entry of such judgment. Fed.R.Civ.P. 59(e); see L.Civ.R. 7.1(i) (stating that a motion for reconsideration must "be served and filed within 10 business days after the entry of the order or judgment on the original motion"). The moving party must set forth the facts or controlling legal authority that the Court allegedly overlooked when rendering the

initial decision. L.Civ.R. 7.1(g). The Court has discretion when deciding whether to grant a motion for reconsideration, but such a motion should only be granted if facts or legal authority were actually overlooked. Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 415 (D.N.J. 2005). Thus, the "purpose of a motion for reconsideration 'is to correct manifest errors of law or to present newly discovered evidence.'" Id. (citation omitted).

A motion for reconsideration is "an extremely limited procedural vehicle." Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). Such motions should be granted "very sparingly." Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003). Reconsideration is not warranted where the movant merely recapitulates the cases and arguments previously analyzed by the court. Arista Recs., Inc., 356 F.Supp.2d at 416; see Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it has already considered in reaching its original decision".) It also will not be granted if its apparent purpose is for the movant to express disagreement with the Court's initial decision. Tehan, 111 F.Supp.2d at 549. Instead, a motion for reconsideration will be granted if "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) . . . to correct a clear error of law or

prevent a manifest injustice". P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001). Accordingly, the Court should only reconsider a judgment or order "when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." Id. at 353 (internal quotations and citations omitted).

**B.    Legal Standards Governing Enforcement of an IRS Summons**

The Secretary of the Treasury or the Secretary's delegate may summon a taxpayer to appear before the Secretary to produce documents and give testimony to enable the IRS to determine tax liability. 26 U.S.C. § 7602(a)(2). If a taxpayer fails or refuses to comply with the summons, "the United States district court for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. § 7604(a).

The United States, to establish a prima facie case in favor of enforcement of an IRS summons, must show that (1) the investigation is being conducted for a legitimate purpose, (2) the inquiry is relevant to such purpose, (3) the information sought is not already in the IRS's possession, and (4) the administrative steps required by the tax code have been followed, including that the IRS has notified the taxpayer in writing that further examination is necessary. United States v. Powell, 379 U.S. 48,

6

57-58 (1964); United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990). "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." United States v. Garden State Nat'l Bank, 607 F.2d 61, 68 (3d Cir. 1979); see United States v. Lawn Bldrs. of New Eng., 856 F.2d 388, 392 (1st Cir. 1988) ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case."). Nevertheless, even if the United States establishes its prima facie case for enforcement, "[t]his does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered." Powell, 379 U.S. at 58; see Rockwell, 897 F.2d at 1262. At such hearing the taxpayer may challenge the summons on any appropriate ground. Powell, 379 U.S. at 58. "[A]n 'appropriate ground' for challenging the summons exists when the taxpayer disproves one of the four elements of the government's Powell showing, or otherwise demonstrates that enforcement of the summons will result in an abuse of the court's process." Rockwell, 897 F.2d at 1262.

A summons is issued for a legitimate purpose when it is issued in good faith pursuant to one of the powers granted under Section 7602. Id. The United States need not delineate a specific and narrow purpose for the summons. Id. at 1263. If a case has not yet been submitted to the Justice Department for criminal

7

prosecution, a summons is presumptively valid. Garden State Nat'l Bank, 607 F.2d at 67. The taxpayer must factually oppose the summons by affidavit; legal conclusions and memoranda of law are not sufficient. Id. at 71. It is not the burden of the IRS to prove by positive evidence the existence of the documents sought, or that they are in a particular person or entity's possession. Lawn Bldrs., 856 F.2d at 392; see United States v. Wheaton, 791 F.Supp. 103, 105 (D.N.J. 1992) (stating that a party resisting enforcement of a summons bears the burden of producing credible evidence that the party does not possess or control the documents sought). When the taxpayer does not refute the prima facie case or cannot factually support an affirmative defense, the Court should enforce the summons without an evidentiary hearing. Garden State Nat'l Bank, 607 F.2d at 71. However, if the taxpayer raises proper affirmative defenses and supports them with an affidavit, the taxpayer is entitled to an evidentiary hearing. Id.

**II.  Legal Standards Applied Here**

Trenk asserts that the Court should reconsider the 11-20-06 Order because the Court (1) "overlooked the fact that Trenk is not in possession, custody or control of any non-privileged documents which are within the scope of the summons", and (2) committed errors of law by both enforcing a summons demanding documents that are already in the IRS's possession and failing to provide Trenk with an evidentiary hearing. (Trenk Br., at 1.) Specifically,

8

Trenk argues that because he swore under oath that he is not in possession, custody, or control of the summoned documents, and the United States has not produced any evidence to rebut his sworn statement, the Court should have determined that he satisfied his burden of refuting the United States's prima facie case.  (Id. at 7.)  Trenk further argues that the United States seeks to compel him to produce documents, which the Court has acknowledged are already in the IRS's possession, in violation of Section 7605(b).  (Id. at 11.)  Lastly, Trenk contends that "the Court ignored Third Circuit precedent in failing to provide Trenk with an evidentiary hearing to prove his defense of lack of possession of the summoned documents."  (Id. at 12.)

The United States, in contrast, argues that Trenk has failed to satisfy the "heavy burden" governing motions for reconsideration.  (U.S. Br., at 3.)  Moreover, the United States contends that this Court properly held that Trenk's general assertion that he lacks possession, custody, or control of the requested documents was insufficient to support his burden of refuting the United States's prima facie case.  (Id. at 4.)  The United States argues that the requested documents are presumed to be in Trenk's possession, as he was president of the taxpayer.  (Id. at 7.)  Further, the United States argues that because Trenk failed to present credible evidence in support of his lack of possession affirmative defense, the Court properly rejected both

9

that defense and Trenk's request for an evidentiary hearing. (Id. at 9-10, & 14.)

The United States satisfied its Powell burden by submitting a declaration by the IRS agent assigned to the TTH investigation, which stated, inter alia, that (1) the examination will determine TTH's correct federal income tax liability for the taxable year ending December 31, 2000, (2) "the internal revenue summons seeks relevant information which may shed light on the taxpayer's correct tax liability for the tax year ending December 31, 2000," (3) "the corporate books, papers, records, data, and testimony sought by the summons are not already in the possession of the [IRS]," and (4) "all administrative procedural steps" required by the Internal Revenue Code have been followed. (Dkt. entry no. 1, Schloemer Decl., at ¶¶ 2, 5, 11, 13, & 16.)[1] Accordingly, the United States has established a prima facie case for enforcement of the summons. Additionally, because "no 'Justice Department Referral' is in effect with respect to the taxpayer", the summons is presumptively valid. (Id. at ¶ 6.) See Garden State Nat'l Bank, 607 F.2d at 70 (stating that if the investigating agent has not recommended prosecution to his superiors a summons is presumptively valid).

---

[1] Schloemer acknowledges that the IRS possesses the documents listed on exhibit B to his declaration. (Id. at ¶ 13.) Trenk previously produced those documents in response to the summons. (Id.) The United States seeks to enforce the summons except for the documents listed on exhibit B.

10

Trenk asserted five "defenses" in opposition to enforcement, including that he does not possess any of the documents requested. (Dkt. entry no. 6, Ans., at 5.) Trenk submitted his own affidavit in support of his opposition. (Dkt. entry no. 8, Trenk Decl.) Without holding an evidentiary hearing, this Court determined that Trenk's defenses did not refute the United States's prima facie showing of the Powell elements. (Dkt. entry no. 28, 11-20-06 Mem. Op., at 7.)  However, in our discretion, we find that pertinent legal authority was overlooked when we reached this determination without providing Trenk with an opportunity to present evidence in support of his lack of possession defense. See Arista Recs., Inc., 356 F.Supp.2d at 415 (stating court has discretion when deciding whether to grant motion for reconsideration, but such motion should only be granted if facts or legal authority overlooked). Thus, we will grant Trenk's motion to prevent a manifest error of law. See id. (explaining that the "purpose of a motion for reconsideration 'is to correct manifest errors of law'").

Not every summons enforcement proceeding requires the Court to conduct an evidentiary hearing. United States v. McCarthy, 514 F.2d 368, 373 (3d Cir. 1975).  "[I]f the person summoned neither puts in issue allegations of the complaint nor raises proper affirmative defenses, no evidentiary hearing will be required; the matter can be decided on the pleadings."  Id.  Nevertheless, a taxpayer raising proper affirmative defenses and supporting them

11

with an affidavit is entitled to an evidentiary hearing. Garden State Nat'l Bank, 607 F.2d at 71; see United States v. Calarco, 765 F.2d 27, 29 (2d Cir. 1985) (stating that where taxpayer has made substantial preliminary showing that the IRS issued summons for improper purpose, taxpayer is entitled to opportunity to substantiate allegations at evidentiary hearing); United States v. Barth, 745 F.2d 184, 188 (2d Cir. 1984) (vacating enforcement order, in part, and remanding to district court to rule on taxpayer's defense of nonpossession based on the present record and any additional evidence the parties wished to present); United States v. Cluberton, 520 F.2d 818, 822 (9th Cir. 1975) (concluding that the district court should have held an evidentiary hearing before enforcing the IRS summons); Daly v. United States, 393 F.2d 873, 877-78 (8th Cir. 1968) (remanding case for further hearing after noting that a full hearing could have "brought into focus" the specific reasons for the taxpayer's objections to the summons and "might quickly dispel any of the present taxpayer's false concepts of the [Fifth Amendment] privilege").

    The Third Circuit, in McCarthy, remanded a summons enforcement action to the district court because, inter alia, the district court failed to conduct an evidentiary hearing on the defendants' "second inspection" and "lack of possession" defenses to the summons. 514 F.2d at 376. In that case, the defendants asserted various objections to enforcement of the IRS summons,

12

including that the material sought in the summons had previously been made available to the IRS and was presumptively in its possession.  Id. at 371.  Specifically, the defendants alleged that a prior inspection of the requested documents occurred during the course of several meetings between a former IRS agent and the defendant-corporation's accountant, who had custody of its books and records.  Id. at 375-76.  The district court concluded that a prior inspection had not occurred and the information sought was not already in the IRS's possession because "[i]t seems unlikely that the IRS would seek to enforce an administrative summons if it already possessed the information sought".  Id. at 376.

The Third Circuit, in addressing the appeal, held that the district court erred in reaching its conclusion without conducting an evidentiary hearing.  Id.  The court stated that the district court's holding was based on mere conjecture rather than evidence, and found that "the defendants' allegations sufficiently raised the possibility that enforcement of the summons would result in a second inspection, or that plaintiffs already [had] possession of the information now sought, to warrant further judicial inquiry."  Id.  Thus, the court determined that the district court should conduct a hearing on the "second inspection" and "possession" issues as well as on whether the IRS issued the summons for a legitimate purpose.  Id.

The Third Circuit, in United States v. Gippetti, noted that an order enforcing a summons "constitutes an adjudication that the

13

respondent possesses and is able to produce the summoned documents at the time the order is issued." 153 Fed.Appx. 865, 868 (3d Cir. 2005). A civil contempt proceeding ordinarily follows such an order if the respondent fails to produce the requested records, and the respondent cannot litigate the issue of whether he or she possessed such documents during the contempt proceeding. Id.; see United States v. Rylander, 460 U.S. 752, 757 (1983) ("Because a proceeding to enforce an IRS summons is an adversary proceeding in which the defendant may contest the summons 'on any appropriate ground,' and because lack of possession or control of records is surely such a ground, the issue may not be raised for the first time in a contempt proceeding." (internal citations omitted)). As the Gippetti court explained, "[b]ecause of its potentially drastic consequences . . . an enforcement order in a contested proceeding should not rest on a determination of possession that is merely implicit. Before ordering production on penalty of contempt, the district court should expressly determine that the respondent possesses the summoned documents." 153 Fed.Appx. at 868; see Barth, 745 F.2d at 187 (stating same). Accordingly, the Gippetti court concluded that the district court must make an express determination of possession or control after conducting a fact-sensitive inquiry. 153 Fed.Appx. at 868.

This Court stated in its 11-20-06 Memorandum Opinion that Trenk did not produce any evidence to carry his burden on his lack of possession defense. (Dkt. entry no. 28, 11-20-06 Mem. Op., at

14

9.)  Thus, we concluded that "Trenk's statement that he does not possess the documents, without more, does not negate the United States's prima facie showing of the Powell elements."  (Id. at 10.) We also concluded that Trenk's assertion that the IRS already possesses the requested documents does not prevent enforcement of the summons because (1) the IRS, through Schloemer's declaration, has excluded from the summons the sixteen boxes of documents that are already in its possession, and (2) "[w]hile the IRS may have received some of the documents requested in the summons from Arthur Andersen, seeking production of the same documents from TTH through Trenk does not constitute an unnecessary examination of the documents."  (Id. at 11-13.)

Gippetti, however, was not brought to the Court's attention until after issuance of the 11-20-06 Memorandum Opinion and entry of the 11-20-06 Order, when Trenk filed his motion for partial reconsideration.  In light of that decision, this Court believes that because of the potentially drastic consequences of the 11-20-06 Order, the better course of action is to hold an evidentiary hearing where the Court can conduct a fact-sensitive inquiry and make an express determination on whether Trenk is in possession or control of the requested documents.  See Gippetti, 153 Fed.Appx. At 868.  Moreover, upon further reflection, the Court believes that as the McCarthy defendants, Trenk's allegations that he and Aurther Andersen LLP previously provided the IRS with documents responsive to the summons, and he is not in possession, custody,

15

or control of any documents responsive to the summons, sufficiently raise at least the possibility that either enforcement of the summons will result in a second inspection, or the IRS already has possession of the information sought. See McCarthy, 514 F.2d at 376. (See dkt. entry no. 8, Trenk Decl., at ¶¶ 7-9.)  Also, an evidentiary hearing will allow the Court to address any Fifth Amendment and attorney-client privilege issues that remain with respect to the requested documents.  Therefore, this Court finds that further judicial inquiry is warranted here to prevent a manifest error of law.  See McCarthy, 514 F.2d at 376.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant Trenk's motion for reconsideration, (2) vacate, in part, the 11-20-06 Order to the extent that it granted the United States's request to enforce the summons and directed Trenk to comply with the summons, and (3) order the parties to appear for an evidentiary hearing on the issue of whether Trenk lacks possession, custody, and control of the documents requested in the summons.  The Court will address all relevant Fifth Amendment and attorney-client privilege issues at such hearing.  The Court will issue an appropriate order.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge