**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                            |   |                                |
|----------------------------|---|--------------------------------|
| UNITED STATES OF AMERICA,  | : | CIVIL ACTION NO. 06-1004 (MLC) |
|                            | : |                                |
|    Petitioner, | : | **MEMORANDUM OPINION**       |
|                            | : |                                |
|    v.       | : |                                |
|                            | : |                                |
| STEVEN TRENK,              | : |                                |
|                            | : |                                |
|    Respondent. | : |                             |
|                            | : |                                |

**COOPER, District Judge**

Petitioner, the United States of America ("Government"), moves pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Local Civil Rule 7.1(i) for reconsideration of part of the Court's Order dated February 26, 2009 ("2-26-09 Order"). (Dkt. entry no. 62, Gov't Mot. for Recons.) Respondent, Steven Trenk ("Trenk"), opposes the motion. (Dkt. entry no. 69, Trenk Opp'n Br.) Trenk cross-moves, _inter alia_, for (1) reconsideration of part of the 2-26-09 Order, (2) modification of the 2-26-09 Order to permit Trenk to withhold production of the documents he claims are privileged, and (3) as alternative relief, a stay of the part of the 2-26-09 Order directing Trenk to produce the documents he claims are privileged while he appeals from that portion of the 2-26-09 Order to the Court of Appeals for the Third Circuit. (Dkt. entry no. 63, Trenk Cross Mot. for Recons.)  The Government opposes the cross motion.  (Dkt. entry no. 67, Gov't Opp'n Br.) The Court determines the motion and cross motion on briefs

without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) grant the Government's motion for reconsideration, (2) direct Trenk to appear and testify before an agent of the Internal Revenue Service, and (3) deny Trenk's cross motion in its entirety.

## BACKGROUND[1]

The Internal Revenue Service ("IRS") issued a summons to Trenk, as the president of Gold Crown Insurance Ltd., in connection with the TechTron Holding, Inc. ("TTH") investigation pursuant to 26 U.S.C. § ("Section") 7602.  (Dkt. entry no. 1, Pet. at ¶ 12.)  The Government petitioned this Court, inter alia, to (1) direct Trenk to show cause why he should not comply with the summons, and (2) require Trenk to appear and testify before the IRS and to produce books, papers, records, and other documents in compliance with the summons.  (Id. at ¶¶ A, C.)  Trenk asserted that he fully complied with the summons and withheld eleven documents, claiming they were protected by privilege.  (Dkt. entry no. 9, Trenk Br. in Opp'n to Pet. at 1-3, 16-20; non-docketed entry, 4-20-07 Letter.)

The Court held an evidentiary hearing on March 27, 2007, and April 23, 2007.  (Dkt. entry no. 55; dkt. entry no. 57.)  The

---

[1] See the Court's Memorandum Opinions of November 20, 2006, January 22, 2007, and February 26, 2009, for a more detailed background to the action.  (Dkt. entry no. 28, 11-20-06 Mem. Op.; dkt. entry no. 47, 1-22-07 Mem. Op.; dkt. entry no. 60, 2-26-09 Mem. Op.)

Court determined that Trenk had produced all requested documents in his possession, custody, or control, except for those already produced and those withheld under a claim of privilege.  (2-26-09 Mem. Op. at 10-13.)  The Court examined the eleven withheld documents in camera, and concluded that the crime-fraud exception applies to the documents.  (Id. at 14-17.)  The Court (1) granted the petition to enforce the summons to the extent it sought production of the withheld documents, (2) denied the petition to enforce the summons to the extent it sought production of any other documents, and (3) ordered production of the withheld documents.  (Dkt. entry no. 61, 2-26-09 Order.)  The Government and Trenk now move and cross-move for, inter alia, reconsideration of part of the 2-26-09 Order.  (Gov't Mot. for Recons.; Trenk Cross Mot. for Recons.)  Both are opposed.  (Gov't Opp'n Br.; Trenk Opp'n Br.)

**DISCUSSION**

**I.   Applicable Legal Standard - Motion for Reconsideration**

A motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly." Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004).  The purpose of a motion for reconsideration is to correct manifest errors of law or present newly discovered evidence. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

3

669, 677 (3d Cir. 1999).  A court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  Id.; Cataldo, 361 F.Supp.2d at 432-33.  Reconsideration is not warranted where the movant merely recapitulates the cases and arguments previously analyzed by the court.  Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision.").  Reconsideration is also inappropriate where the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision.  Tehan, 111 F.Supp.2d at 549.  A motion for reconsideration should only be granted where facts or controlling legal authority were presented to, but not considered by, the court.  Mauro v. N.J. Sup. Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007).

## II.  Legal Standard Applied Here

### A.    The Government's Motion

The Government argues for reconsideration on the basis that the Court overlooked the part of the summons requiring Trenk to

4

appear and give testimony before an IRS agent.  (Dkt. entry no. 62, Gov't Br. at 1, 5; see also dkt. entry no. 1, Decl. Richard Schloemer, Ex. A, Summons at 1.)  The Government asserts that Trenk admitted at the April 23, 2007 hearing ("4-23-07 hearing") that he did not appear before an IRS agent in response to the summons.  (Gov't Br. at 5.)  Further, the Government contends that the 2-26-09 Order did not address that aspect of the summons.  (Id.)  Trenk argues that given his testimony at the 4-23-07 hearing, any further examination would be "unnecessary" and in violation of Section 7605(b).  (Trenk Opp'n Br. at 1-3.) Trenk also asserts his Fifth Amendment privilege against self-incrimination in response to any testimony demanded by the summons.  (Id. at 5.)  Therefore, Trenk contends, an additional examination "would serve no purpose."  (Id. at 8-9.)

The Court finds that the part of the summons requiring Trenk to appear and give testimony before an IRS agent was overlooked in the 2-26-09 Order.  The Government established a prima facie case for enforcement of the summons.  (See 2-26-09 Mem. Op. at 9-10.)  At the 4-23-07 hearing, Trenk stated that he had not appeared to give testimony before an IRS agent, as required by the summons.  (Dkt. entry no. 58, 4-23-07 Hr'g Tr. at 198-200.) The 2-26-09 Order, however, addressed only the part of the summons pertaining to production of documents.  (See 2-26-09 Order.)  It did not address the part of the summons requiring

Trenk's appearance and testimony before an IRS agent.  (See id.)
Thus, the Court finds that the part of the summons pertaining to
Trenk's appearance and testimony before an IRS agent was
overlooked, and will grant the Government's motion for
reconsideration.

The Court concludes that Trenk's appearance and testimony at
the 4-23-07 hearing does not satisfy the summons.  The 4-23-07
hearing was held for the limited purpose of allowing the Court to
conduct a fact-sensitive inquiry and make an express
determination on whether Trenk was in possession or control of
the requested documents.  (See 1-22-07 Mem. Op. at 15.)  Further,
Trenk's testimony at the 4-23-07 hearing was not before an IRS
agent, as is required in the summons.  (See Summons at 1.)

The Court also finds that Trenk's blanket assertion of his
Fifth Amendment privilege against self-incrimination to resist
enforcement of the summons is insufficient as a matter of law.
United States v. Raniere, 895 F.Supp. 699, 704 (D.N.J. 1995); see
also United States v. Allshouse, 622 F.2d 53, 56 (3d Cir. 1980)
(rejecting taxpayer's blanket assertion of the Fifth Amendment
privilege).  Rather, the Fifth Amendment privilege must be
asserted on an individual basis.  See Raniere, 895 F.Supp. at
704.  To properly invoke the Fifth Amendment privilege, Trenk
must appear before the IRS and assert the privilege, as
appropriate, on a question-by-question and document-by-document

6

basis.  See United States v. Allee, 888 F.2d 208, 212 (1st Cir.
1989); United States v. Schmidt, 816 F.2d 1477, 1482 (10th Cir.
1987); Raniere, 895 F.Supp. at 707.

> **B.   Trenk's Cross Motion**

Trenk argues for reconsideration on the basis that the
crime-fraud exception does not apply to documents G, H, I, and J
because those documents were prepared after the alleged crime or
fraud occurred.  (Dkt. entry no. 65, Trenk Br. at 2-5.)[2]  Trenk
asserts that the crime or fraud was completed upon filing of the
2000 tax return on September 25, 2001.  (Id. at 4.)  Thus, Trenk
contends, documents prepared after that date could not have been
in furtherance of the crime or fraud.  (Id.)  Trenk also argues
for reconsideration on the basis that the Government did not show
that the crime-fraud exception applies to documents D, E, F, G,
H, I, J, and K.  (Id. at 5-11.)  The Government argues that Trenk
expressly requested that the Court review the withheld documents
in camera, rather than submit an affidavit or a privilege log
explaining why the documents were privileged.  (Gov't Opp'n Br.
at 1.)  The Government also asserts that Trenk has not shown a
manifest error of law.  (Id. at 7.)  Further, the Government
argues that it did establish a prima facie case for the crime-
fraud exception.  (Id. at 10-12.)

---

[2]  The Court will identify the documents at issue using the
letter designations used by Trenk's counsel in his April 20, 2007
letter.

The Court finds that Trenk has not shown that a clear error of law has been made.  Trenk cites two cases from the United States Supreme Court for the proposition that the crime or fraud in this action was completed when the 2000 tax return was filed. (Trenk Br. at 3.)  Both cases are distinguishable.

Sansone v. United States involved a taxpayer who was indicted for willfully attempting to evade federal income taxes in violation of Section 7201.  380 U.S. 343, 344 (1965).  The taxpayer attempted to assert a defense that he intended to report and pay tax on the unreported income at a later time.  Id. at 354.  In determining that no such defense exists to a Section 7201 offense, the Court stated that a violation of Section 7201 was complete when "the false and fraudulent understatement of taxes . . . was filed."  Id.  United States v. Habig involved defendants who were indicted for (1) attempting to evade taxes by filing a false return in violation of Section 7201, and (2) aiding in the preparation and presentment of a false return in violation of Section 7206.  390 U.S. 222, 222 (1968).  In addressing a statute of limitations question, the Court noted that the offenses were committed at the time the tax return was filed.  Id. at 223.

This case, in contrast to Sansone and Habig, involves an alleged ongoing abusive tax avoidance scheme whereby TTH is attempting - over several years - to shelter income from

8

taxation.  (See Decl. Richard Schloemer at ¶ 7.)  Here, the
alleged fraud is not in filing a false return, but in the
continued use of abusive tax schemes to avoid taxation of the
income, not only in the year 2000, but also in each subsequent
year.  (See Gov't Opp'n Br. at 1 (stating that to date no federal
income tax has been paid on the $5.2 million at issue).)  Thus,
the fraud alleged in this case was not completed when the 2000
tax return was filed, but is ongoing so long as TTH avoids paying
taxes on the income.  Trenk, therefore, has not shown that a
clear error of law occurred in applying the crime-fraud exception
to documents G, H, I, and J.

The Court also finds that Trenk has not shown that a clear
error of law occurred in the determination that the crime-fraud
exception applies to documents D, E, F, G, H, I, J, and K.  Trenk
requested that the Court review the withheld documents for
privilege and voluntarily submitted them for in camera review.
(Trenk Br. in Opp'n to Pet. at 20; 4-20-07 Letter.)[3]  Trenk did
not prepare a privilege log or an affidavit explaining why the
documents were privileged.  (See Trenk Br. in Opp'n to Pet. at

---

[3]  Because Trenk requested that the Court review the
documents in camera, the threshold showing for in camera review
required by United States v. Zolin does not apply.  491 U.S. 554,
574-75 (1989) (stating that "before a district court may engage
in in camera review at the request of the party opposing the
privilege, that party must present evidence sufficient to support
a reasonable belief that in camera review may yield evidence that
establishes the exception's applicability") (emphasis added).

19; Gov't Opp'n Br. at 1.)  The Court reviewed the documents and determined, for purposes of applying the crime-fraud exception, that TTH intended to commit a fraud, specifically using an abusive tax avoidance scheme to avoid paying taxes on the $5.2 million at issue.  (See 2-26-09 Mem. Op. at 14-15.)  The Court also found, with respect to each document, that the communications in the documents were made in furtherance of the fraud.  (See id. at 15-16.)  In arguing that the crime-fraud exception does not apply, Trenk is merely expressing disagreement with the Court's initial decision.  The Court thus finds that reconsideration is not appropriate.  See Tehan, 111 F.Supp.2d at 549 (recognizing that reconsideration is inappropriate where movant merely asserts disagreement with court's decision).

Trenk does not argue for reconsideration based on availability of new evidence or an intervening change in the controlling law.  (See Trenk Br.)  See Max's Seafood Café, 176 F.3d at 677.  Trenk also has not shown a clear error of law or fact occurred.  See Max's Seafood Café, 176 F.3d at 677.  The Court therefore concludes that reconsideration of the 2-26-09 Order is not warranted here.

III. Trenk's Request for a Stay Pending Appeal

Trenk has also requested, as alternative relief, that the Court stay enforcement of the part of the 2-26-09 Order directing production of the withheld documents while he appeals from that

10

part of the 2-26-09 Order to the Court of Appeals for the Third
Circuit.  (Trenk Br. at 11-15.)  Trenk argues that a stay is
warranted because there is a strong likelihood that he will
prevail on appeal and he will be irreparably injured without a
stay.  (Id. at 13.)  Trenk asserts that the Government will not
be injured by a stay, but Trenk will be injured without one.
(Id.)  Also, Trenk argues that the public interest favors a stay
because he seeks protection of his rights under the attorney-
client privilege.  (Id. at 14.)  The Government opposes a stay.
(Gov't Opp'n Br. at 13-15.)  The Government argues that Trenk
cannot meet the stringent requirements for a stay.  (Id. at 14-
15.)  The Government asserts that Trenk cannot show that he is
likely to succeed on the merits or that he will be irreparably
harmed without a stay.  (Id. at 14.)  Further, the Government
contends that both it and the public interest will be harmed by
continued delay since the summons has been outstanding for almost
four years and the public has an interest in prompt completion of
tax audits and investigations.  (Id.)

Rule 62(c) allows a court to suspend, modify, restore, or
grant an injunction while an appeal is pending from an
interlocutory order or final judgment that grants, dissolves, or
denies an injunction.  Fed.R.Civ.P. 62(c).  "[T]he government's
summons enforcement proceeding is in the nature of an
injunction."  United States v. Manchel, Lundy & Lessin, 477

11

F.Supp. 326, 334 (E.D. Pa. 1979); <u>see also</u> <u>United States v.</u>
<u>Carlin</u>, No. 06-1906, 2006 WL 3208675, at *1 (E.D. Pa. Nov. 2,
2006).  In determining whether to grant a stay pending appeal, a
court must consider "(1) whether the stay applicant has made a
strong showing that he is likely to succeed on the merits; (2)
whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the
other parties interested in the proceeding; and (4) where the
public interest lies."  <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776
(1987); <u>see also</u> <u>Republic of the Phil. v. Westinghouse Elec.</u>
<u>Corp.</u>, 949 F.2d 653, 658 (3d Cir. 1991).

        The Court concludes that a stay is not warranted here since
the balance of factors weighs against a stay.  Trenk has not made
a "strong showing" that he is likely to succeed on the merits.
<u>See</u> <u>Hilton</u>, 481 U.S. at 776.  Rather, he relies exclusively on
the arguments advanced, and rejected, in support of his cross
motion for reconsideration.  (<u>See</u> Trenk Br. at 13.)  The Court
has considered these arguments twice, and twice has concluded
that the crime-fraud exception applies.  Thus, Trenk has not made
a "strong showing" of his likely success on appeal and this
factor weighs against a stay.  <u>See</u> <u>United States v. Judicial</u>
<u>Watch, Inc.</u>, 241 F.Supp.2d 15, 16 (D.D.C. 2003) (stating that
movant has not shown likelihood of success on merits where movant
offered no new arguments in support of stay and merely rehashed
previously rejected arguments).

12

Trenk asserts that if the documents are produced and then are later determined to be privileged, he will suffer irreparable harm because the harm - disclosure of the privileged information - cannot be undone.  (Trenk Br. at 13.)  While the Court recognizes that disclosure of privileged information cannot be undone, there are measures that can be implemented to lessen the harm, such as return or destruction of the documents.  See United States v. Lee, Goddard & Duffy, LLP, 553 F.Supp.2d 1164, 1168-69 (C.D. Cal. 2008).  The Court concludes that this factor weighs slightly in favor of a stay.

A stay will substantially injure the Government.  The IRS has been attempting to determine TTH's tax liability since 2005, and a stay would further delay the efforts of the IRS in making this determination.  See Carlin, 2006 WL 3208675, at *2 (recognizing that government would be harmed by stay where government had been trying to determine defendant's delinquent tax liability for over a year).  Further delay would also interfere with both the ability of the IRS to conduct this audit and the interest of the IRS in prompt assessment and collection of tax revenue.  See id.; Judicial Watch, Inc., 241 F.Supp.2d at 18.  Thus, this factor weighs against a stay.

The public interest factor is neutral.  There is a public interest in upholding the attorney-client privilege, but there is also a public interest in the "timely assessment of tax

13

liabilities and enforcement of the tax laws." <u>Carlin</u>, 2006 WL 3208675, at *2; <u>see also</u> <u>In re Grand Jury Investigation</u>, 445 F.3d 266, 273-74 (3d Cir. 2006) (discussing importance of attorney-client privilege).  Thus, the Court concludes that this factor neither favors nor weighs against a stay.

The balance of the factors weighs against a stay.  The only factor favoring a stay is irreparable harm, but this alone is insufficient to support a stay pending appeal.  <u>See</u> <u>Judicial Watch, Inc.</u>, 241 F.Supp.2d at 18 (stating that showing of irreparable harm is insufficient where movant failed to show a likelihood of success on the merits).  Trenk, therefore, has not satisfied the requirements for a stay pending appeal.  Thus, the Court will not stay enforcement of the 2-26-09 Order pending Trenk's appeal.

<b>CONCLUSION</b>

The Court, for the reasons stated <u>supra</u>, will (1) grant the Government's motion for reconsideration, (2) direct Trenk to appear and testify before an IRS agent, and (3) deny Trenk's cross motion in its entirety.  The Court will issue an appropriate order.

    s/ Mary L. Cooper<br>
<b>MARY L. COOPER</b><br>
United States District Judge

Dated: May 8, 2009

14