**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
UNITED STATES OF AMERICA,               :   CIVIL ACTION NO. 06-1004 (MLC)
                                        :
     Petitioner,                        :        O R D E R
                                        :
     v.                                 :
                                        :
STEVEN TRENK,                           :
                                        :
     Respondent.                        :
_____:
```

**THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT** holding in its judgment of July 1, 2010, that the Court erred in finding that the crime-fraud exception to the attorney-client privilege applied to certain documents reviewed by the Court in camera, insofar as the Court did not afford Petitioner, Steven Trenk ("Trenk"), an opportunity to argue ex parte why the documents at issue should be protected from disclosure, United States v. Trenk, 385 Fed.Appx. 254, 257-58 (3d Cir. 2010); and the Third Circuit remanding the matter for further proceedings "so that Trenk may have an opportunity to present arguments against the application of the crime-fraud exception" to the documents at issue, id. at 259; and

**THE MAGISTRATE JUDGE** issuing a Letter Order on February 7, 2011, (1) reopening the action, (2) directing Trenk to submit a brief outlining his arguments against the application of the crime-fraud exception no later than February 23, 2011, (3) advising that "[a]ny failure by Trenk to abide by the terms of

this Order may result in his opposition to the application of the crime-fraud exception being deemed waived," and (4) scheduling a hearing for March 9, 2011 (dkt. entry no. 90, 2-7-11 Letter Order); and

**TRENK** representing in a letter to the Court that the documents at issue have now been in the possession of the United States "for a significant time" (dkt. entry no. 91, 2-22-11 Letter at 1); and Trenk submitting that, in his opinion, "the benefit to be achieved by the scheduled hearing is outweighed by its potential to prejudice [Trenk's] position in any subsequent Tax Court proceeding" (id.); and Trenk therefore withdrawing his request for a hearing "on the issue of whether the crime-fraud exception applies to the subject documents" (id. at 2); and

**THE UNITED STATES** responding to Trenk's letter (dkt. entry no. 92, 2-23-11 Letter); and the United States requesting that the Magistrate Judge "issue a report and recommendation . . . finding that respondent expressly waived the opportunity afforded him by the limited remand of the Third Circuit" (id. at 1); and Trenk replying that he "is waiving his assertion of the privilege with respect to [the documents at issue] and waives his right to the hearing" (dkt. entry no. 93, 2-24-11 Letter); and

**THE MAGISTRATE JUDGE** recommending that the Court find that Trenk waived any opposition to the application of the crime-fraud exception to the attorney-client privilege to the documents at

issue; and the Magistrate Judge further recommending that the matter be designated as closed; and the Magistrate Judge further cancelling the hearing scheduled for March 9, 2011, in light of Trenk's explicit waiver of same (dkt. entry no. 94, 3-1-11 Report & Recommendation); and

**IT APPEARING** that pursuant to Federal Rule of Civil Procedure 72(b), Local Civil Rule 72.1(c)(2), and 28 U.S.C. § 636(b)(1)(C), within 10 days of the service of the magistrate judge's disposition, any party to the action may file specific written objections to a magistrate judge's proposed findings and recommendations; and it appearing that the time for filing objections to the 3-1-11 Report & Recommendation has expired, and no objections to the 3-1-11 Report & Recommendation have been filed; and

**THE COURT** finding that it agrees with the Magistrate Judge's findings and recommendations in the 3-1-11 Report & Recommendation, except that the Court finds only that Trenk waived his assertion of the attorney-client privilege with respect to the documents at issue, rather than that Trenk waived any opposition to the application of the crime-fraud exception to the attorney-client privilege; and the Court determining that no issues requiring adjudication remain; and for good cause appearing;

**IT IS THEREFORE** on this       1st       day of April, 2011, **ORDERED** that the Report & Recommendation of the Magistrate Judge, filed on March 1, 2011, to the extent that it recommended that Trenk waived his right to an evidentiary hearing, is hereby **ADOPTED** as a finding of this Court; and

**IT IS FURTHER ORDERED** that this Court hereby **FURTHER FINDS** that Trenk has waived the attorney-client privilege with respect to the documents at issue; and

**IT IS FURTHER ORDERED** that the Clerk of the Court designate this action as **CLOSED.**

                                                s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge