**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                               :
UNITED STATES OF AMERICA,      :    CIVIL ACTION NO. 06-1004 (MLC)
                               :
        Petitioner,            :        O R D E R
                               :
        v.                     :
                               :
STEVEN TRENK,                  :
                               :
        Respondent.            :
_____:
```

**THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**
holding in its judgment of July 1, 2010, that the Court erred in
finding that the crime-fraud exception to the attorney-client
privilege applied to certain documents reviewed by the Court <u>in
camera</u>, insofar as the Court did not afford Petitioner, Steven
Trenk ("Trenk"), an opportunity to argue <u>ex parte</u> why the
documents at issue should be protected from disclosure, <u>United
States v. Trenk</u>, 385 Fed.Appx. 254, 257-58 (3d Cir. 2010); and
the Third Circuit remanding the matter for further proceedings
"so that Trenk may have an opportunity to present arguments
against the application of the crime-fraud exception" to the
documents at issue, <u>id.</u> at 259; and

**THE MAGISTRATE JUDGE** issuing a Letter Order on February 7,
2011, (1) reopening the action, (2) directing Trenk to submit a
brief outlining his arguments against the application of the
crime-fraud exception no later than February 23, 2011, (3)
advising that "[a]ny failure by Trenk to abide by the terms of

this Order may result in his opposition to the application of the crime-fraud exception being deemed waived," and (4) scheduling a hearing for March 9, 2011 (dkt. entry no. 90, 2-7-11 Letter Order); and

**TRENK** representing in a letter to the Court that the documents at issue have now been in the possession of the United States "for a significant time" (dkt. entry no. 91, 2-22-11 Letter at 1); and Trenk submitting that, in his opinion, "the benefit to be achieved by the scheduled hearing is outweighed by its potential to prejudice [Trenk's] position in any subsequent Tax Court proceeding" (id.); and Trenk therefore withdrawing his request for a hearing "on the issue of whether the crime-fraud exception applies to the subject documents" (id. at 2); and

**THE UNITED STATES** responding to Trenk's letter (dkt. entry no. 92, 2-23-11 Letter); and the United States requesting that the Magistrate Judge "issue a report and recommendation . . . finding that respondent expressly waived the opportunity afforded him by the limited remand of the Third Circuit" (id. at 1); and Trenk replying that he "is waiving his assertion of the privilege with respect to [the documents at issue] and waives his right to the hearing" (dkt. entry no. 93, 2-24-11 Letter); and

**THE MAGISTRATE JUDGE** recommending that the Court find that Trenk waived any opposition to the application of the crime-fraud exception to the attorney-client privilege to the documents at

2

issue; and the Magistrate Judge further recommending that the matter be designated as closed; and the Magistrate Judge further cancelling the hearing scheduled for March 9, 2011, in light of Trenk's explicit waiver of same (dkt. entry no. 94, 3-1-11 Report & Recommendation); and

**IT APPEARING** that pursuant to Federal Rule of Civil Procedure 72(b), Local Civil Rule 72.1(c)(2), and 28 U.S.C. § 636(b)(1)(C), within 10 days of the service of the magistrate judge's disposition, any party to the action may file specific written objections to a magistrate judge's proposed findings and recommendations; and it appearing that the time for filing objections to the 3-1-11 Report & Recommendation has expired, and no objections to the 3-1-11 Report & Recommendation have been filed; and

**THE COURT** finding that it agrees with the Magistrate Judge's findings and recommendations in the 3-1-11 Report & Recommendation, except that the Court finds only that Trenk waived his assertion of the attorney-client privilege with respect to the documents at issue, rather than that Trenk waived any opposition to the application of the crime-fraud exception to the attorney-client privilege; and the Court determining that no issues requiring adjudication remain; and for good cause appearing;

3

**IT IS THEREFORE** on this       1st       day of April, 2011,
**ORDERED** that the Report & Recommendation of the Magistrate Judge,
filed on March 1, 2011, to the extent that it recommended that
Trenk waived his right to an evidentiary hearing, is hereby
**ADOPTED** as a finding of this Court; and

**IT IS FURTHER ORDERED** that this Court hereby **FURTHER FINDS**
that Trenk has waived the attorney-client privilege with respect
to the documents at issue; and

**IT IS FURTHER ORDERED** that the Clerk of the Court designate
this action as **CLOSED.**


                                   s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

4